CARROLL, DONALD K., Acting Chief Judge.
The appellant was tried for and convicted of the crime of robbery by the Criminal Court of Record for Duval County and has appealed from his judgment of conviction and sentence.
The basic question presented for our determination in this appeal is, as phrased by the appellant, whether “the appellant’s rights against double jeopardy, res adjudi-cata and collateral estoppel were violated by being tried a second time on a crime of which he was previously acquitted.”
The appellant’s argument under this point on appeal is based chiefly upon the recent decision of the United States Supreme Court in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
In the Ashe case six men were engaged in a poker game and were robbed by three or four masked gunmen. Six weeks after being acquitted in a state court trial for the robbery of one of the said players (one Knight) the defendant was tried for robbing another of the players (one Roberts) and was convicted. The witnesses in the two trials were, for the most part, the same and the state’s evidence establishing the facts of the robbery was uncontradicted. In its opinion in Ashe, the U. S. Supreme Court, in a split decision, held:
“The ultimate question to be determined, then, in the light of Benton v. Maryland [395 U.S. 784, 89 S.Ct. 2656, 23 L.Ed.2d 707], supra, is whether this established rule of federal law is embodied in the Fifth Amendment guarantee against double jeopardy. We do not hesitate to hold that it is. For whatever else that consitutional guarantee may embrace, North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, [23 L.Ed.2d 656, 664], it surely protects a man who has been acquitted from hav *317 ing to ‘run the gantlet’ a second time. Green v. United States, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 [205], [61 A.L.R.2d 1119].
“The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could consitutionally hale him before a new jury to litigate that issue again.
“After the first jury had acquitted the petitioner of jobbing Knight, Missouri could certainly not have brought him to trial again upon that charge. Once a jury had determined upon conflicting testimony that there was at least a reasonable doubt that the petitioner was one of the robbers, the State could not present the same or different identification evidence in a second prosecution for the robbery of Knight in the hope that a different jury might find that evidence more convincing. The situation is constitutionally no different here, even though the second trial related to another victim of the same robbery. For the name of the victim, in the circumstances of this case, had no bearing whatever upon the issue of whether the petitioner was one of the robbers.
“In this case the State in its brief has frankly conceded that following the petitioner’s acquittal, it treated the first trial as no more than a dry run for the second prosecution: ‘No doubt the prosecutor felt the state had a provable case on the first charge, and, when he lost, he did what every good attorney would do — he refined his presentation in light of the turn of events at the first trial.’ But this is precisely what the constitutional guarantee forbids.
“The judgment is reversed, and the case is remanded to the Court of Appeals for the Eighth Circuit for further proceedings consistent with this opinion.”
In the appeal before us the appellee contends that the above Ashe decision is not applicable to the situation shown in the record in the instant appeal because the testimony identifying the defendant in the case at bar was substantially stronger at the second trial than at the first trial; and the defendant in Ashe filed a motion to dismiss based upon his previous acquittal, while in the present case filed no motion to dismiss, so he cannot raise this point for the first time on appeal in contravention of Rule 1.190(b), Florida Rules of Criminal Procedure, 33 F.S.A.
The appellee further contends that, even if the appellant here had filed a motion to dismiss, the U. S. Supreme Court required in the Ashe decision that the trial court take the following measures when deciding if former jeopardy or collateral estoppel attaches:
“ * * * Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to ‘examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.’ The inquiry ‘must be set in a practical frame, and viewed with an eye to all the circumstances of the proceedings.’ ”
The appellee further points out that in the Ashe case, supra, the petitioner was allegedly involved in robbing six men playing poker and was acquitted in a trial, while in the case at bar there were two robberies, one in a package store and the other in the bar; that, although the package store and the bar were in the same building, they were in two separate and distinct rooms, and the victim in each case was different.
*318 In our opinion, the foregoing position of the appellee as to the inapplicability of the Ashe decision to the situation here is well founded, and we think that the Ashe decision, properly considered, does not require a reversal of the judgment appealed from herein.
We have carefully considered the other points raised by the appellant in this appeal and find them to lack substantial merit.
Therefore, the judgment appealed from should be and it is
Affirmed.
WIGGINTON and SPECTOR, JJ., concur.